**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MAKENDY INVESTMENT CORP., | ) | Case No. 14-32796 |
| | ) | |
| Debtor. | ) | Judge Schmetterer |

**NOTICE OF MOTION**

To:   Ted Smith, Attorney for Debtor – Service via CM/ECF
     Alex D. Moglia, Chapter 7 Trustee – Service via CM/ECF
     Makendy Investment Corp., 3947 N. Ashland Ave, Chicago, IL 60613 –
     Service by First Class U. S. Mail

PLEASE TAKE NOTICE THAT on October 7, 2014, at 10:00 a.m., the undersigned shall appear in front of the Honorable Jack B. Schmetterer, or any other Judge sitting in his stead in Courtroom 682, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604, and shall then and there present the attached Edgebrook Bank's Motion for Relief from the Automatic Stay, a copy of which is attached hereto and herewith served upon you.

Dated: September 30, 2014                    Respectfully submitted,

                                             EDGEBROOK BANK,

                                             BY: */s/ Joseph E. Cohen*
                                             One of Its Attorneys

| | |
|---|---|
| Joseph E. Cohen | Eugene G. Kraus |
| Cohen & Krol | Scott & Kraus LLC |
| 105 West Madison Street, Suite 1100 | 150 S. Wacker Drive, Suite 2900 |
| Chicago, Illinois 60602 | Chicago, IL 60606 |
| T: (312) 368-0300 | T: (312) 327-1058 |

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, does hereby certify that he caused true and correct copies of the above and foregoing Notice of Motion and Edgebrook Bank's Motion for Relief from the Automatic Stay to be served on those persons listed above, by U.S. mail, first class postage pre-paid, or by ECF notice, as indicated, on or before the 30th day of September, 2014.

                                             BY: */s/ Joseph E. Cohen*

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MAKENDY INVESTMENT CORP., | ) | Case No. 14-32796 |
| | ) | |
| Debtor. | ) | Judge Schmetterer |

**EDGEBROOK BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC**

NOW COMES Creditor, EDGEBROOK BANK ("BANK"), by and through its attorneys, Joseph E. Cohen of Cohen & Krol and Eugene G. Kraus of Scott & Kraus LLC, and moves this Court for an order granting it relief from the automatic stay imposed in this case, pursuant to 11 U.S.C. Section 362(d) and Fed. R. Bankr. P. 4001, so that the BANK may enforce its guaranty and security interest in real property commonly known as 4005 W. Wellington, Chicago, IL ("Real Property")  In support hereof, the BANK respectfully states as follows:

**BACKGROUND**

1.      On or about June 20, 2010, the Debtor executed that certain Mortgage granting Edgebrook Bank a security interest in the Real Property. *A true and correct copy of the Mortgage is attached to the Complaint (defined infra) as Group Exhibit A.*

2.      The Mortgage was granted to secure that certain Promissory Note dated June 20, 2010, the Debtor in the original amount of $125,000.00 in favor of the BANK.  *A true and correct copy of the Note is attached to the Complaint (defined infra) in Group Exhibit A.*

3. On February 7, 2013, the BANK initiated a foreclosure action against the Debtor and others to foreclose the BANK's interest in the Real Property ("Complaint").

4. On September 8, 2014 (the "Petition Date"), the Debtor commenced the above- captioned case under Chapter 7 of the Bankruptcy Code. The Office of the United States Trustee appointed Alex D. Moglia Chapter 7 trustee (the "Trustee") to administer the assets of the Debtor's estate (the "Estate").

## RELIEF REQUESTED

5. By this Motion, the BANK seeks an order, pursuant to sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code, modifying the automatic stay to allow the BANK to exercise its applicable non-bankruptcy rights with respect to the Real Property.

## A. THE AUTOMATIC STAY SHOULD BE MODIFIED FOR CAUSE.

6. Section 362(d)(1) of the Bankruptcy Code provides that a court shall grant relief from the automatic stay for cause, including the lack of adequate protection. Pursuant to section 361 of the Bankruptcy Code, adequate protection may be provided by (1) requiring a debtor to make a cash payment or payments to a lien holder to the extent that the automatic stay results in a decrease in the value of such entity's interest in property; (2) providing to such entity an additional or replacement lien to the extent that the automatic stay results in a decrease in the value of such entity's

interest in property; or (3) granting such other relief as will result in the realization by such entity of the indubitable equivalent of such entity's interest in the property.

7. The Debtor has not offered any of the above and it does not appear from his bankruptcy petition that he can offer any of the above.

8. As of September 30, 2014 the total amount due under the terms of the Note is $178,260.15 plus accruing interest, expenses, reasonable attorney fees and costs.

9. The Debtor's last payment was made in 2012 and the Debtor continues to be in default under the Note.

10. As Debtor has failed to make any payments on the Note and pay the taxes on the Real Property, the BANK lacks adequate protection as to its security interest.

11. Although Debtor is in default under the Note and Mortgage, the BANK cannot take any action against the Real Property while the Estate remains open and the automatic stay remains in effect.

12. The BANK is being irreparably harmed and injured for every day in which the Debtor or the Estate do not provide adequate protection for their use or possession of the Real Property while it depreciates in value and while the debt owed to the BANK increases.

**B. THE AUTOMATIC STAY SHOULD BE MODIFIED DUE TO THE DEBTOR'S LACK OF EQUITY IN THE REAL PROPERTY.**

13. Section 362(d)(2) of the Bankruptcy Code provides that, with respect to property, the Court shall grant relief from the automatic stay if a debtor has no equity in the subject property and the property is not necessary to an effective reorganization

14. As of the Petition Date, the Real Property has a value of approximately $40,000.00 pursuant to the Debtor's schedules.

15. Accordingly, there should be no dispute that the Real Property has no equity.

16. As the Debtor has filed a Chapter 7 Bankruptcy, the Real Property is not necessary for an effective reorganization.

17. Based on the foregoing, the BANK hereby seeks to modify the automatic stay as to the Real Property due to (1) the lack of adequate protection of the Real Property which is security for the Note; and (2) the lack of equity in the Real Property.

18. Finally, as the Real Property is lacking in equity, there is just cause for this Court to waive the "stay of order" requirement as provided for in Rule 4001(a)(3).

WHEREFORE, EDGEBROOK BANK requests that this Court enter an order, pursuant to section 362(d) of the Bankruptcy Code, modifying the automatic stay to allow it to exercise its applicable non-bankruptcy rights with respect to the property

located at 4005 W. Wellington, Chicago, IL; that Bankruptcy Rule 4001 (a)(3) be waived; and for such other and further relief this Court deems just.

        Respectfully submitted,
        EDGEBROOK BANK


        BY: */s/ Joseph E. Cohen*
        One of Its Attorneys


| | |
|---|---|
| Joseph E. Cohen | Eugene G. Kraus |
| Cohen & Krol | Scott & Kraus LLC |
| 105 West Madison Street, Suite 1100 | 150 S. Wacker Drive, Suite 2900 |
| Chicago, Illinois 60602 | Chicago, IL 60606 |
| T: (312) 368-0300 | T: (312) 327-1058 |