**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MAKENDY INVESTMENT CORP., | ) | Case No. 14-32796 |
| | ) | |
| Debtor. | ) | Judge Schmetterer |

**NOTICE OF MOTION**

To:   Ted Smith, Attorney for Debtor – Service via CM/ECF
Alex D. Moglia, Chapter 7 Trustee – Service via CM/ECF
Makendy Investment Corp., 3947 N. Ashland Ave, Chicago, IL 60613 –
Service by First Class U. S. Mail

PLEASE TAKE NOTICE THAT on October 7, 2014, at 10:00 a.m., the undersigned shall appear in front of the Honorable Jack B. Schmetterer, or any other Judge sitting in his stead in Courtroom 682, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604, and shall then and there present the attached Edgebrook Bank's Motion for Relief from the Automatic Stay and Motion to Excuse Compliance Pursuant to Section 543(b) of the Bankruptcy Code, a copy of which is attached hereto and herewith served upon you.

Dated: September 30, 2014          EDGEBROOK BANK,

                                   BY: */s/ Joseph E. Cohen*
                                   One of Its Attorneys

| | |
|---|---|
| Joseph E. Cohen | Eugene G. Kraus |
| Cohen & Krol | Scott & Kraus LLC |
| 105 West Madison Street, Suite 1100 | 150 S. Wacker Drive, Suite 2900 |
| Chicago, Illinois 60602 | Chicago, IL 60606 |
| T: (312) 368-0300 | T: (312) 327-1058 |

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, does hereby certify that he caused true and correct copies of the above and foregoing Notice of Motion and Edgebrook Bank's Motion for Relief from the Automatic Stay and Motion to Excuse Compliance Pursuant to Section 543(b) of the Bankruptcy Code to be served on those persons listed above, by U.S. mail, first class postage pre-paid, or by ECF notice, as indicated, on or before the 30th day of September, 2014.

                                   BY: */s/ Joseph E. Cohen*

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MAKENDY INVESTMENT CORP., | ) | Case No. 14-32796 |
| | ) | |
| Debtor. | ) | Judge Schmetterer |

**EDGEBROOK BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND
MOTION TO EXCUSE COMPLIANCE PURSUANT TO SECTION 543(b) OF THE
BANKRUPTCY CODE**

NOW COMES Creditor, EDGEBROOK BANK ("BANK"), by and through its attorneys, Joseph E. Cohen of Cohen & Krol and Eugene G. Kraus of Scott & Kraus LLC, and moves this Court for an order granting it relief from the automatic stay imposed in this case, pursuant to 11 U.S.C. Section 362(d) and Fed. R. Bankr. P. 4001, so that the BANK may enforce its guaranty and security interest in real property commonly known as 7612 Cumberland Dr., Hanover Park, IL ("Real Property") and pursuant to section 543(b) of the Bankruptcy Code, for an order excusing the BANK as Mortgagee in Possession from compliance with the provisions of section 543(b). In support hereof, BANK respectfully states as follows:

**BACKGROUND**

1.     On or about February 28, 2011, the Debtor executed that certain Mortgage granting Edgebrook Bank a security interest in the Real Property. *A true and correct copy of the Mortgage is attached to the Complaint (defined infra) as Group Exhibit A.*

2.     The Mortgage was granted to secure that certain Promissory Note dated February 28, 2011 in the original amount of $99,200.00 in favor of the BANK. *A*

*true and correct copy of the Note is attached to the Complaint (defined infra) in Group*

*Exhibit A.*

3.     That this property is also cross-collateralized with another mortgage loan held by Edgebrook Bank with an outstanding loan balance of $361,092.39.

4.     On February 7, 2013, the BANK initiated a foreclosure action against the Debtor and others to foreclose the BANK's interest in the Real Property ("Complaint").

5.     Edgebrook Bank was appointed as Mortgagee in Possession by Order of the Cook County Circuit Court.

6.      On September 8, 2014 (the "Petition Date"), the Debtor commenced the above- captioned case under Chapter 7 of the Bankruptcy Code. The Office of the United States Trustee appointed Alex D. Moglia Chapter 7 trustee (the "Trustee") to administer the assets of the Debtor's estate (the "Estate").

**RELIEF REQUESTED**

7.     By this Motion, the BANK seeks an order, pursuant to sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code, modifying the automatic stay to allow the BANK to exercise its applicable non-bankruptcy rights with respect to the Real Property and an order, pursuant to section 543(b) of the Bankruptcy Code, excusing the BANK as Mortgagee in Possession from turning over the Real Property to the Trustee or complying with section 543(b).

**A. THE AUTOMATIC STAY SHOULD BE MODIFIED FOR CAUSE.**

8.      Section 362(d)(1) of the Bankruptcy Code provides that a court shall grant

relief from the automatic stay for cause, including the lack of adequate protection.

Pursuant to section 361 of the Bankruptcy Code, adequate protection may be provided

by (1) requiring a debtor to make a cash payment or payments to a lien holder to the

extent that the automatic stay results in a decrease in the value of such entity's

interest in property; (2) providing to such entity an additional or replacement lien to

the extent that the automatic stay results in a decrease in the value of such entity's

interest in property; or (3) granting such other relief as will result in the realization by

such entity of the indubitable equivalent of such entity's interest in the property.

9.      The Debtor has not offered any of the above and it does not appear

from his bankruptcy petition that he can offer any of the above.

10.     As of the Petition Date, the total amount due under the terms of the Note

was $112,067.39 plus accruing interest, expenses, reasonable attorney fees and costs.

In addition this property is also cross-collateralized with another mortgage loan held by

Edgebrook Bank with an outstanding loan balance of $361,092.39.

11.     The Debtor's last payment was made in 2012 the Debtor continues to be

in default under the Note.

12.     As Debtor has failed to make any payments on the Note and pay the

taxes on the Real Property, BANK lacks adequate protection as to its security interest.

13.     Although Debtor is in default under the Note and Mortgage, BANK cannot take any action against the Real Property while the Estate remains open and the automatic stay remains in effect.

14.     BANK is being irreparably harmed and injured for every day in which the Debtor or the Estate do not provide adequate protection for their use or possession of the Real Property while it depreciates in value and while the debt owed to BANK increases.

## B. THE AUTOMATIC STAY SHOULD BE MODIFIED DUE TO THE DEBTOR'S LACK OF EQUITY IN THE REAL PROPERTY.

15.     Section 362(d)(2) of the Bankruptcy Code provides that, with respect to property, the Court shall grant relief from the automatic stay if a debtor has no equity in the subject property and the property is not necessary to an effective reorganization

16.     As of the Petition Date, the Real Property has a value of approximately $150,000.00 pursuant to the Debtors schedules.

17.     Accordingly, there should be no dispute that the Real Property has no equity.

18.     As the Debtor has filed a Chapter 7 Bankruptcy, the Real Property is not necessary for an effective reorganization.

19.     Based on the foregoing, BANK hereby seeks to modify the automatic stay as to the Real Property due to (1) the lack of adequate protection of the Real Property which is security for the Note; and (2) the lack of equity in the Real Property.

20.    Finally, as the Real Property is lacking in equity, there is just cause for this Court to waive the "stay of order" requirement as provided for in Rule 4001(a)(3).

## C. THE BANK SHOULD BE EXCUSED FROM COMPLIANCE WITH SECTION 543 OF THE BANKRUTPCY CODE

21.    Section 543(d) of the Bankruptcy Code reads in relevant part, "[a]fter notice and hearing, the bankruptcy court –

(1) may excuse compliance with subsection (a), (b), or (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property..."

22.    Factors to be considered when deciding whether to excuse compliance with section 543(b) include, (i) the likelihood of a reorganization; (ii) the probability that funds required for reorganization will be available; (iii) whether there are instances of mismanagement by the debtor; (iv) whether turnover would be injurious to creditors; (v) whether the debtor will use the turned over property for the benefit of its creditors, (vi) whether or not there are avoidance issues raised with respect to property retained by a receiver, because a receiver does not possess avoiding powers for the benefit of the estate; and (vii) the fact that the bankruptcy automatic stay has deactivated the state court receivership action. *In re Falconbridge, LLC*, 2007 Bankr. Lexis 3755 (Bankr. N.D.Ill. 2007). *See, inter alia, Dill v. Dime Sav. Bank (In re Dill)*, 163 B.R. 221 (E.D.N.Y. 1994).

23.    The BANK is the Debtor's largest secured creditor and the BANK has no confidence in this Debtor's ability to effectively and financially manage its assets or its operations.

24.     The only way that BANK can be protected is through the BANK continues to serve as the Mortgagee in Possession for this Real Property as it has been for the past year.

25.     It is clear from the Debtor's Chapter 7 petition that the Debtor is insolvent and by virtue of the Chapter 7 bankruptcy filing, there is no likelihood of reorganization.

26.     In addition, turnover of the Real Property would be injurious to BANK as the Real Property is the main security for the repayment of the Note and the turnover of the Real Property to Debtor would not be used to benefit BANK.

27.     Since 2013, the BANK as Mortgagee in Possession has been monitoring, protecting and preserving the Debtor's property. BANK has little to no confidence that the Debtor would have the financial wherewithal to continue to maintain and operate the Real Property, including the payment of the property taxes.

28.     Finally, BANK is also requesting to modify the automatic stay to allow the foreclosure action to proceed. If successful on its motion, BANK will continue with its foreclosure action.

WHEREFORE, EDGEBROOK BANK requests that this Court enter an order, pursuant to section 362(d) of the Bankruptcy Code, modifying the automatic stay to allow it to exercise its applicable non-bankruptcy rights with respect to the property located at 7612 Cumberland Dr., Hanover Park, IL; that Bankruptcy Rule 4001 (a)(3) be waived; that the Court enter an order pursuant to section 543(b) of the Bankruptcy

Code, excusing the BANK from complying with the provisions of section 543(b); and for

such other and further relief this Court deems just.

<div style="margin-left:40%">

Respectfully submitted,
EDGEBROOK BANK


BY: */s/ Joseph E. Cohen*
One of Its Attorneys

</div>

| | |
|---|---|
| Joseph E. Cohen | Eugene G. Kraus |
| Cohen & Krol | Scott & Kraus LLC |
| 105 West Madison Street, Suite 1100 | 150 S. Wacker Drive, Suite 2900 |
| Chicago, Illinois 60602 | Chicago, IL 60606 |
| T: (312) 368-0300 | T: (312) 327-1058 |